[L. A. No. 15273. In Bank.—July 25, 1935.]

RATTERREE LAND CO., INC. (a Corporation), Appellant, v. FRANK S. HUTTON, Respondent.

Walter Gould Lincoln for Appellant.

Winterer & Ritchie for Respondent.

PRESTON, J.—This cause is before us on motion of defendant to dismiss the appeal of plaintiff from order denying writ of injunction or to affirm said order. Plaintiff land company sought the injunction to restrain defendant, an attorney at law, from acting adversely to its interests, as his former client, and from using knowledge or confidential information gained by him from it through said former relationship.

From the complaint it appears that defendant represented plaintiff during the years 1929–1931 in various actions growing out of the subdivision and sale of a certain tract of land in Los Angeles County and charges of fraud and misrepresentation in connection therewith; that in 1934 defendant appeared in a similar action to represent and prosecute a counterclaim, involving similar charges of fraud and misrepresentation, on behalf of a disgruntled purchaser. Plaintiff alleged that to permit defendant to act as attorney for said purchaser would be to deprive it of a fair and impartial trial because defendant could take advantage of and use confidential knowledge and information as to plaintiff's affairs, gained during the period of their relationship. Plaintiff therefore prayed for a permanent injunction to restrain defendant from appearing as attorney for said purchaser or from acting directly or indirectly in any action involving any matter wherein he had formerly appeared for plaintiff, and particularly in relation to any fact, matter, or litigation growing

out of any transaction relating to said tract of land. Defendant answered, alleging that he had been employed by plaintiff only to assist its chief counsel in trial of the several cases mentioned in the complaint and denying that he had ever had access to plaintiff's records or gained any confidential knowledge or information from it which could be used to its disadvantage in subsequent litigation involving said tract of land.

On December 13, 1934, the court below made its order refusing to grant an injunction and plaintiff appealed. Later it filed an opening brief wherein is made the sole contention that the allegations of its complaint are more than sufficient to bring the cause within the rule which would require defendant to desist from acting adversely to its interests. Defendant now presents his motion to dismiss the appeal or affirm the order on two grounds: (1) That the questions on appeal are so unsubstantial as not to need further argument, and (2) that all of the questions on which the decision of the cause depends have become moot.

It is unnecessary to consider point (1), as the statement made in point (2) is correct. The motion to dismiss is supported by a certificate of the county clerk which shows that on December 12, 1934, in said action wherein defendant was charged with acting adversely to plaintiff as his former client, the superior court made its order permitting defendant to withdraw as attorney for said purchaser; that on December 29, 1934, a substitution of attorneys was filed; that said action is undetermined, under submission to the trial judge, but that trial thereof was had during April and May, 1935, and there is no record of any kind showing that defendant had any part in said trial or was present, except as a witness called by the plaintiff therein (also this plaintiff). It is obvious that all questions of substance presented by plaintiff's appeal are moot.

The appeal is dismissed.

Shenk, J., Thompson, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.